# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BERNARD GRAY, | Case No. 1:25-cv-00594-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| JOHNATHAN MARTIN, et al., | (ECF No. 1) |
| Defendants. | **THIRTY-DAY DEADLINE** |

On May 20, 2025, Plaintiff Richard Bernard Gray, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Johnathan Martin, Joanne Martin, Mary Gonzalez, "Mike," Ruvya Kahr, Roxanne Miranda, and "Ray." (ECF No. 1.) On May 21, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* but stated that "service of the complaint shall not be undertaken until the Court screens the complaint in due course and issues its screening order." (ECF No. 3.) The Court now undertakes screening of the complaint.

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only

1 contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."
2 Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of
3 the elements of a cause of action, supported by mere conclusory statements, do not suffice."
4 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
5 555 (2007).

6     To survive screening, a plaintiff's claims must be facially plausible, which requires
7 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
8 for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962,
9 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient,
10 and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the
11 plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

12     Moreover, federal courts are under a duty to raise and decide issues of subject matter
13 jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R.
14 Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court
15 determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R.
16 Civ. P. 12(h)(3).

17     Leave to amend may be granted to the extent that the deficiencies of the complaint can be
18 cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

21     The Court accepts Plaintiff's allegations in his complaint as true for the purpose of this
22 *sua sponte* screening requirement under 28 U.S.C. § 1915.

23     In his factual allegations, Plaintiff alleges the following: "6 years of harassment,
24 voye[u]rism, invasion of privacy, damages to my truck multiple times[.] Everyone acting like
25 federal law enforcement [and] undercover officers for Fresno Police Dept. People stealing power
26 from my PG&E by their power to my account." (ECF No. 1, p. 5.) Plaintiff lists his subject-
27 matter jurisdiction as based upon federal question jurisdiction, stating "Defendants calling acting
28 like federal & DEA agents, federal judge – calling my lawyer." (Id. at p. 4.) For relief, Plaintiff

1 states "broke front grille off my truck[.]  [P]unctured all four tires on my truck[.]  6 years of
2 harassment, invasion of privacy & voye[u]rism."  (Id. at p. 6.)

### III.
### DISCUSSION

**A.  Federal Rule of Civil Procedure 8**

The Court finds that Plaintiff has not identified or supported any possible cognizable cause(s) of action because Plaintiff's factual allegations are lacking in the most basic of information.  In other words, instead of explaining to the Court of what happened relevant to a cause of action, Plaintiff has made no allegations that state the who, what, where, when, or why.  For example, Plaintiff does not list who harassed him, what that harassment entailed, where the harassment occurred, how that harassment came about, and how such harassment would support a cause of action in federal court.  In addition, Plaintiff also alleges that "defendants" have acted like federal agents/employees (or possibly Fresno police employees), but again, Plaintiff provides no factual specifics nor any indication that this would support a claim for civil remedies.  Even giving Plaintiff every reasonable inference, the Court is unable to construe any claim.

While Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible.  The Court finds that such adequate factual allegations are absent in the complaint to support any claim, and therefore, the complaint fails to state a claim for which relief may be provided.

### IV.
### CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law.  Iqbal, 556 U.S. at 678-79.  Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

3

1 level." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a complaint for civil case form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

3. The amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated:  **June 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4