# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BERNARD GRAY, | Case No. 1:25-cv-00594-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| JOHNATHAN MARTIN, et al., | (ECF No. 5) |
| Defendants. | **THIRTY-DAY DEADLINE** |

On May 20, 2025, Plaintiff Richard Bernard Gray, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Johnathan Martin, Joanne Martin, Mary Gonzalez, "Mike," Ruvya Kahr, Roxanne Miranda, and "Ray." (ECF No. 1.) On May 21, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* and on June 6, 2025, the Court screened the complaint and found that it failed to state a cognizable claim. (ECF Nos. 3, 4.) Plaintiff timely filed an amended complaint (ECF No. 5), and the Court now undertakes screening of the operative complaint.

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the

same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true for the purpose of this *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Defendants Johnathan Martin, Joanne Martin, Mary Gonzalez, "Mike," Ruvya Kahr, Roxanne Miranda, and "Ray." (ECF No. 5, pp. 2-4.)[1] Plaintiff and all Defendants are identified as California residents, and Plaintiff has indicated that the basis

---

[1] For clarity, the page number citations refer to the actual PDF page number of ECF No. 5. While Plaintiff numbered his pages of the civil complaint form, he also included other pages that are unnumbered.

1  for subject-matter jurisdiction is federal question jurisdiction. (Id.) Plaintiff lists the specific
2  federal statutes, federal treaties, and/or provisions of the United States Constitution as: "acting like
3  federal law enforcement. Invasion of privacy – drone stacking with drone/voye[u]rism." (Id. at
4  p. 5.)

5       In his statement of claim, Plaintiff states that "all defendants are watching me with invasion
6  of privacy, stalking with 6 drones. Credit card and bank fraud. Representing law enforcem[ent]
7  and federal judges." (Id. at p. 6.) For relief, Plaintiff states that "they stole $35,000.00 from Bank
8  of America account. I've been paying their PGE bills for over 3 yrs. And continued bank & credit
9  card fraud damages to my house and vehicle. Trying to alter my deed to my house." (Id. at p. 7.)

10      Plaintiff has then included additional pages, discussing each defendant. Regarding
11 Johnanthan Martin, Plaintiff states that "for the last three years, has had me paying their energy
12 bills for the residences [on Cypress Ave], Fresno, [and] Douglas Ave, Fresno. PGE is doing an
13 investigation on Johnathan Martin because this is the third time he's been caught." (Id. at p. 8.)
14 Plaintiff then lists at least two transactions. (Id.) Plaintiff then states that "Johnathan has also
15 acted like an [sic] federal agency by [lying(?)] to the lawyers who were going to represent me
16 making them think I'm crazy." (Id. at p. 9.) Plaintiff reiterates that Johnathan Martin is under
17 investigation for bank & credit card fraud and lists a claim number. (Id.) Finally, Plaintiff states
18 that Johnathan Martin has "his cash app card linked to mine." (Id.)

19      For Joanne Martin, Plaintiff states that "she is a nurse at the county jail was as well was
20 acting like a federal judge. Once I found out that the federal judge seated was a woman. Plus, she
21 had a [(illegible)] with the jail officers trying to set me up by having me served a fake restraining
22 order – to be arrested and jailed by saying that I attacked a c/o. She also has her cash app card
23 linked to my card . . ." (Id. at p. 10.) "She also asked officer to let her know my test results from
24 drug test to use against me if is come back positive." (Id.) In addition, "she called VA hospital on
25 6 - 14 -25 for my test urinalysis for her personal gain as evidence against me for the federal court
26 or to keep calling police department to say I'm smoking or acting crazy or threats." (Id.)

27      Regarding Sonny Kaur, Plaintiff states he "was always flying the drones along with Mike
28 over & around my house and throwing rocks at my house and my truck. He's the one who has

done the vandalism to my house and truck.  He broke a window in my downstairs bedroom." (Id. at p. 11.) On the same page, Plaintiff also discusses Ravvy Kaur, who he alleges is "the one who was messing with the deed to my home and always was saying I had weapons when calling police. And one of the brains in the group.  She works for the IRS.  Internal Revenue Service." (Id.)

Turning to "Mike," Plaintiff states that "Mike is the brains of the crew he knows how to get into my phones, laptop by putting chips and location services on my truck.  They know who I call, txt [sic] how much money I have on my bank cards and bank accounts.  There is also cameras all through my house.  They always know where I'm at and doing in my home. He can control who I can call or can't call me." (Id.)

## III.

## DISCUSSION

### A. Subject-Matter Jurisdiction

While Plaintiff has included more information in his amended complaint, it does not appear that Plaintiff has alleged a federal cause of action.

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. See id.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

From the amended complaint, it appears that the only basis for subject-matter jurisdiction is federal question jurisdiction, which in turn requires Plaintiff to identify a cause of action that implicates the federal constitution, treaties, statutes, or other federal law.  However, the majority of Plaintiff's allegations center around invasion of privacy and fraud, both of which are state law claims and cannot form the basis for federal question jurisdiction. See Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 24, 865 P.2d 633 (Cal. 1994) (discussing four theories of liability for

1 invasion of privacy tort); Lazar v. Superior Court, 12 Cal.4th 631, 638, 909 P.2d 981 (Cal. 1996)
2 (discussing the elements of fraud under California law).

3     Because Plaintiff has not identified or alleged facts that implicate a federal cause of action,
4 the Court will not go into an analysis of whether Plaintiff has sufficiently pleaded claims under
5 California law.  For this same reason, the Court finds that Plaintiff has not met his burden of
6 demonstrating that this Court has subject-matter jurisdiction over his case.  That said, the Court
7 will give Plaintiff a final opportunity to amend.  Should Plaintiff do so, he may not include causes
8 of action that would alter the nature of his suit.  Plaintiff may not also fabricate facts.  To that end,
9 the Court reminds Plaintiff that Federal Rule of Civil Procedure 8(a) requires that Plaintiff need
10 only provide a short and plain statement of the claim, but the claims nevertheless need to be
11 facially plausible.

**IV.**

**CONCLUSION AND ORDER**

14     For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief
15 and shall be granted—**for a final time**—leave to file a second amended complaint to cure the
16 deficiencies identified in this order, if he believes he can do so in good faith.  See Lopez v.
17 Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  If Plaintiff chooses to file a second amended
18 complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named
19 defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state
20 law.  Iqbal, 556 U.S. at 678-79.  Importantly, the "[f]actual allegations must be [sufficient] to
21 raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).
22 Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in
23 his amended complaint.

24     Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to
25 make Plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
26 complaint be complete in itself without reference to any prior pleading.  This requirement exists
27 because, as a general rule, an amended complaint supersedes the original complaint.  See
28 Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a complaint for civil case form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;

3. The second amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated:   **July 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge