# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BERNARD GRAY, | Case No. 1:25-cv-00594-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND GRANTING FINAL LEAVE TO FILE THIRD AMENDED COMPLAINT |
| v. | |
| JOHNATHAN MARTIN, et al., | (ECF No. 7) |
| Defendants. | **THIRTY-DAY DEADLINE** |

On May 20, 2025, Plaintiff Richard Bernard Gray, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Johnathan Martin, Joanne Martin, Mary Gonzalez, "Mike," Ruvya Kahr, Roxanne Miranda, and "Ray." (ECF No. 1.) On May 21, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* and on June 6, 2025, the Court screened the complaint and found that it failed to state a cognizable claim. (ECF Nos. 3, 4.) Plaintiff timely filed an amended complaint (ECF No. 5), which the Court determined also did not state a claim. (ECF No. 6.) The Court gave Plaintiff leave to file a second amended complaint, which the Court screens presently. (Id.)

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted."

28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true for the purpose of this *sua sponte* screening requirement under 28 U.S.C. § 1915.

In his civil complaint form, Plaintiff lists the basis of subject-matter jurisdiction as federal question jurisdiction and lists the following statutes: 42 U.S.C. § 1983; 18 U.S.C. § 1801 – video voyeurism prevention act of 2004; [42] U.S.C. § 18912; Sections, 5, 7, & 21 of the California "Unruh Civil Rights Act"; 18 U.S.C. § 1374. (ECF No. 7, pp. 4-5.) For his statement of his claim,

2

1  Plaintiff alleges "daily harassment. Watched & followed by drones. Breaking & entering into my
2  home. Deed fraud. Trying to have me deemed crazy. Missing & destroying my property.
3  $800,000 for six years of mental distress." (Id. at p. 6) (sic). Specifically, for damages Plaintiff
4  lists: "vandalism to my truck $9,800; stucco damage to the surface wall of my home $15,000;
5  stealing money from bank account and bank checks $68,000; stole $43,000 when I was in prison.
6  (Id. at p. 7.)

7       Attached to the complaint, Plaintiff has included a letter wherein he gives more details to
8  his claims, which the Court incorporates. Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1160
9  (9th Cir. 2012). Plaintiff begins by stating that the defendants discussed are in cahoots based on
10 the fact that Plaintiff has "two prior strikes from a case back in 1999. And because I'm black,
11 retired, and own my own home." (Id. at p. 8.) Plaintiff alleges that the defendants have access to
12 his bank account, his SSA, and Cash App account. (Id.) The defendants can also "monitor who I
13 call, text, and have some type of jamming device where they control who I can call or call me."
14 (Id.) Plaintiff states that he has surveillance audio and video footage evidence. (Id.) Plaintiff then
15 asserts that "But still more importantly the main reason is because of the lawsuit against [Fresno
16 Police Department] as of result of their actions of continued hate crimes and lies against me
17 without anyone being reprimanded." (Id.) Plaintiff alleges that "everyone" hangs out at the home
18 of Johnathan Martin and Joanne Martin and consistently fly drones that monitor Plaintiff. (Id.)
19 Plaintiff also alleges that "[t]hey have cameras inside my house and frequently disturb me with
20 intrusive conversations about my activities, which is causing [sic] to me." (Id.)

21      Plaintiff then individually lists the remaining defendants, which separate allegations for
22 each. Plaintiff alleges that Roxanne Miranda asked Plaintiff about sensitive information, including
23 about Plaintiff's sealed military records. (Id. at p. 8.) Miranda logged into Plaintiff's Keystone
24 account and asked Plaintiff how much his precious metals investment was worth. (Id.) Miranda
25 worked for the IRS and know how to access and investigate private affairs. (Id.)

26      Next, Plaintiff discusses Raavy Kaur, one of the individuals who was part of a scheme to
27 steal the deed to Plaintiff's home by transferring the home into someone else's name. (Id. at p. 9.)
28 Plaintiff has evidence where the deed was altered, and Plaintiff tried showing it to a finance

1  company. (Id.) "Unfortunately, [the deed] ran into the problem of switching ownership because
2  of my late wife and I had placed our home under a Revokable Trust under her name." (Id.)
3  Plaintiff asserts that Kaur participated in daily harassment. (Id.)

4        For Joanne Martin, Plaintiff alleges that she defamed his character by teaching others that
5  Plaintiff is crazy, "hallucinating, and a drug addict whenever they would randomly call 911 on me
6  saying I was carrying firearms and weapons." (Id.) Plaintiff states that Joanne spoke to Plaintiff
7  "as if she was a Federal Judge quite a few times." (Id.) Plaintiff alleges that Joanne gave bottles
8  of gabapentin to the group members and that this was supposed to be administered to Plaintiff,
9  "and not knowing what they may contain I looked under pill identifier "G 21" not identifiable, and
10 so I kept the bottle of gabapentin to take into evidence." (Id.) Plaintiff states that Joanne, using
11 her nursing license, called the VA hospital when he had been taken there two time to the "PAC"
12 unit. (Id.)

13       Plaintiff alleges that Sharam Bahrami, MD, asks for Plaintiff's urinalysis test results "when
14 she was not on the clock at Fresno County Jail." (Id.)

15       For "Ray," Plaintiff alleges that he "was always calling me when I called FPD asking to
16 speak with a [Seargent] when I was reporting a crime after I would hang up, he would call about
17 30 mins. To a hour later impersonating to be an Federal Agent telling me these are not crimes, do
18 not call unless I have real evidence or I'll be arrested. Always same voice just different last
19 names." (Id. at p. 10.) (sic).

20       Next, Plaintiff discusses Johnathan Martin, who Plaintiff states is an "evil, and hate filled
21 man with serious issues. He will lie to you and act like other people impersonate the federal law
22 enforcement agency makes false implications, knows how to commit fraud and debit and credit
23 cards, bank accounts, knows how to control who a person can call or receive calls from, invasion
24 of privacy and voyeurism with drone, an dhas the knowledge to link other residence to your PG&E
25 energy bill." (Id.) Plaintiff alleges Johnathan "is addicted to fentanyl and his fraud activity is how
26 he supports his addiction and conveniences. he will harass and prove you then call 911 and act
27 scared weak and fearing for his life but he's evil mean controlling abusive." (Id.) (sic)

28

1       Regarding Mary Gonzalez, Plaintiff states "invasion of privacy voyeurism and defamation
2 of character by claiming to others that I'm addicted to crack cocaine, crystal meth." (Id. at p. 11.)
3       Finally, Plaintiff discusses "Mike," who is "the one who knows and is the brains of all
4 technology tapping into my phones and computer, burned my phones 3ea. Breaking and entering
5 into my home to steal evidence, install camara in my home invasion of privacy, tapping into my
6 surveillance system. (Id.)
7       Plaintiff closes with a handwritten statement: "I am tired of hearing there's no way he can
8 prove this By all of the ..." (Id.) The page cuts off.

### III.

### DISCUSSION

11      While Plaintiff has included more information in his second amended complaint, including
12 one potential cause of action, it does not appear that Plaintiff has alleged a federal cause of action.
13      Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins.
14 Co. of Am., 511 U.S. 375, 377 (1994). Federal courts can adjudicate only cases that the
15 Constitution or Congress authorize them to adjudicate: those cases involving diversity of
16 citizenship (where the parties are from diverse states), or a federal question, or those cases to
17 which the United States is a party. See id. Federal courts are presumptively without jurisdiction
18 over civil cases and the burden of establishing the contrary rests upon the party asserting
19 jurisdiction. Id. at 377.
20      From the second amended complaint, it appears that the only basis for subject-matter
21 jurisdiction is federal question jurisdiction, which in turn requires Plaintiff to identify a cause of
22 action that implicates the federal constitution, treaties, statutes, or other federal law. However, as
23 discussed in the Court's previous screening order, (ECF No. 6), the majority of Plaintiff's
24 allegations center around invasion of privacy and fraud, both of which are appeared to be state law
25 claims and cannot form the basis for federal question jurisdiction. See Hill v. National Collegiate
26 Athletic Assn., 7 Cal. 4th 1, 24, 865 P.2d 633 (Cal. 1994) (discussing four theories of liability for
27 invasion of privacy tort); Lazar v. Superior Court, 12 Cal.4th 631, 638, 909 P.2d 981 (Cal. 1996)
28 (discussing the elements of fraud under California law).

Here, Plaintiff now relies on the Fourth Amendment brought through 42 U.S.C. § 1983. For Plaintiffs, benefit, the Court will give Plaintiff the legal standard for a Fourth Amendment privacy right violation and explain how his current pleading is deficient.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. As relevant here, under this doctrine, only a government actor may be held liable for an alleged privacy invasion, not a private actor. Id.; Wolf v. People of the State of Colo., 338 U.S. 25, 27-28 (1949) (incorporating Fourth Amendment through the Fourteenth Amendment). Indeed, the "basic purpose of this Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by *governmental officials*." Carpenter v. United States, 585 U.S. 296, 303 (2018) (emphasis added) (internal quotation marks and citations omitted). Furthermore, because "the Fourth Amendment protects people, not places," when an individual "seeks to preserve something as private, and his expectation of privacy is one that society is prepared to recognize as reasonable." Id. The Court observers that generally this type of claim results following an unlawful search by a governmental official, assuming no exception applies.

Significantly, Plaintiff has provided no allegations regarding a state actor. Though there are allegations that "Ray" called Plaintiff after Plaintiff called the Fresno Police Department, there are no allegations that Ray was a governmental official or that Ray had anything to do with an unlawful search. For these reasons, Plaintiff has failed to state a claim under the Fourth Amendment.

Regarding, 18 U.S.C. § 1801, the Court observes that this is a criminal statute and does not appear to provide a private right of action. Thus, § 1801 is not an appropriate basis for a claim in a civil lawsuit. Similarly, 18 U.S.C. § 1347 is a criminal statute pertaining to healthcare fraud and does not appear to provide for a private right of action. Therefore, § 1347 too is not an appropriate basis for a claim in a civil lawsuit.

Finally, 42 U.S.C. § 18912 concerns federal research security and does not appear to provide a private right of action or to be relevant to any of the allegations. Again, this statute cannot not form the basis of a civil claim.

Because Plaintiff has not alleged facts that implicate a federal cause of action, the Court finds that Plaintiff has not met his burden of demonstrating that this Court has subject-matter jurisdiction over his case. And for that reason, the Court will not go into an analysis of whether Plaintiff has sufficiently pleaded claims under California law.

That said, the Court will give Plaintiff a **final** opportunity to amend after having identified a potential claim under the Fourth Amendment. Should Plaintiff do so, he may not include causes of action that would alter the nature of his suit. Plaintiff may not also fabricate facts. To that end, the Court reminds Plaintiff that Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, but the claims nevertheless need to be facially plausible.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief and shall be granted—**for a final time**—leave to file a third amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file a third amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a

general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a complaint for civil case form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint curing the deficiencies identified by the Court in this order;

3. The third amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, or fails to meet the federal pleading standard, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated:   **October 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge

8